Alex R. Straus (SBN 321366)
astraus@milberg.com
**MILBERG COLEMAN BRYSON
PHILLIPS GROSSMAN PLLC**
280 S. Beverly Drive, PH Suite
Beverly Hills, CA 90212
Telephone: (866) 252-0878
Facsimile: (615) 921-6501

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
SOUTHERN DIVISION**

| | |
|---|---|
| **KELLY BARTON TERRY,** individually and on behalf of all others similarly situated,<br><br>          Plaintiff,<br><br>     v.<br><br>**CHIPOTLE MEXICAN GRILL, INC.,**<br><br>          Defendant. | Case No.: ___8:24-cv-00354___<br><br>**CLASS ACTION COMPLAINT**<br><br><br>**JURY TRIAL DEMANDED** |

Plaintiff Kelly Barton Terry ("Plaintiff"), by the undersigned attorneys, on behalf of herself and all others similarly situated, alleges upon information and belief, including the investigation of counsel and a review of publicly available information, except for Plaintiff's own acts which are alleged on personal knowledge, as follows:

## SUMMARY OF THE ACTION

1.     Plaintiff brings this class action on behalf of herself and all other consumers similarly situated against Defendant Chipotle Mexican Grill, Inc. ("Chipotle" or "Defendant") for Chipotle's violations of law in connection with its refusal to refund purchases made with gift cards and instead provide meal vouchers subject to limitations that effectively render them worthless.

-1-
CLASS ACTION COMPLAINT

## THE PARTIES

2.      Plaintiff Kelly Barton Terry is an individual who resides in Milwaukee County, Wisconsin.

3.      Defendant Chipotle Mexican Grill, Inc. ("Chipotle") is a publicly-traded, Delaware business corporation with its principal place of business located in Newport Beach, California.

## JURISDICTION AND VENUE

4.      The Court has original jurisdiction over this action under the Class Action Fairness Act, 28 U.S.C. § 1332(d) ("CAFA"), because this is a class action in which: (1) there are more than one hundred (100) members in the proposed class; (2) various members of the proposed class are citizens of states different from where Defendants are citizens; and (3) the amount in controversy, exclusive of interest and costs, exceeds $5,000,000.00 in the aggregate.

5.      The Court also has jurisdiction over this action pursuant to 15 U.S.C. § 1693m and 28 U.S.C. §§ 1331 and 1367.

6.      Venue in this District is proper in that Defendant's principal offices are located in this District.

7.      This Court has personal jurisdiction over Defendant because Defendant maintains its principal executive offices at Newport Beach, California. As Defendant is headquartered in California, Defendant has sufficient minimum contacts with California so as to render the exercise of jurisdiction by the California courts permissible under traditional notions of fair play and substantial justice.

## FACTUAL ALLEGATIONS

8.      Chipotle operates a nationwide chain of "fast casual" restaurants serving a menu of burritos, tacos, burrito bowls, and salads, advertised as being made from fresh, high-quality raw ingredients.

9.      Chipotle offers gift cards ("Gift Cards"), which Chipotle sells directly to customers in its restaurants and through its website, and through third-vendors. *See, e.g.*, https://www.chipotle.com/giftcards (last accessed February 14, 2024).

10.     Chipotle recognizes substantial revenue from the sale of its Gift Cards and recognizes even more revenue when its Gift Cards are purchased but not actually used. In fact, Chipotle has acknowledged that it "earns" hundreds of thousands, if not millions, of dollars per year in "breakage" caused by customers who purchase Gift Cards that do not end up being used, observing that even changes in the breakage rate as small as one or two percent would cost (or earn) Chipotle millions of dollars:

*Gift Cards*

We sell gift cards, which do not have expiration dates, and we do not deduct non-usage fees from outstanding gift card balances. Gift card balances are initially recorded as unearned revenue. We recognize revenue from gift cards when the gift card is redeemed by the customer. Historically, the majority of gift cards are redeemed within one year. In addition, a portion of gift cards are not expected to be redeemed and will be recognized as breakage over time in proportion to gift card redemptions ("gift card breakage rate"). The gift card breakage rate is based on company and program specific information, including historical redemption patterns, and expected remittance to government agencies under unclaimed property laws, if applicable. We evaluate our gift card breakage rate estimate annually, or more frequently as circumstances warrant, and apply that rate to gift card redemptions. *A relative decrease of 100 basis points to our gift card breakage rate would have resulted in a reduction of food and beverage revenue on our consolidated statement of income and comprehensive income of approximately $0.6 million for the year ended December 31, 2023.*[1]

---

[1] Chipotle, Annual Report on Form 10-K for the Fiscal Year Ended Dec. 31, 2023 at 30 (available at: https://www.sec.gov/ixviewer/ix.html?doc=/Archives/edgar/data/0001058090/000156276224000023/cmg-20231231x10k.htm) (detailing how Chipotle characterizes revenue and liabilities in connection with its Gift Cards).

CLASS ACTION COMPLAINT

11. Because these small changes in the gift card breakage rate can swing Chipotle's revenue by millions of dollars in income, Chipotle is highly motivated to maximize the breakage rate wherever possible, and has adopted policies with the purpose and effect of doing so.

12. Chipotle has a policy and practice of refusing to refund customers for purchases made using its Gift Cards. This practice extends to instances in which Chipotle would otherwise refund a purchase made by cash, debit or credit card. Indeed, Chipotle refuses to refund customers for purchases, even where Chipotle entirely fails to deliver items purchased by customers.

13. Chipotle's policy of and practice of refusing to refund Gift Card purchases is not advertised or otherwise conveyed to customers in the course of purchasing Gift Cards. On the whole, any reasonable customer purchasing a Gift Card would expect purchases made with the Gift Card would be subject to the same refund policy of purchases made in cash and by other means.

14. Indeed, Chipotle's physical Gift Cards expressly state: "Treat your Chipotle gift card like cash":



-4-

CLASS ACTION COMPLAINT

[***]

© 2015 CMGGC,LLC. All rights reserved. Printed in the USA. Treat your Chipotle gift card like cash. Cash that may only be used for making purchases at Chipotle restaurants You can try and use it someplace else, but it wont be accepted, and they'll probably laugh at you. It cannot be redeemed for cash or applied as payment to any account unless required by law. It cannot be used to purchase other Chipotle gift cards, that's like wishing for more wishes. If you purchase this card from a re-seller, you do so at your own risk, as cards sold by a re-seller may not have any value. Chipotle is not responsible for unauthorized use of this card, namely someone other than the rightful owner using it to score a burrito. Except in certain circumstances, the value on this card will not be replaced if the card is lost, stolen or destroyed. Use of this card constitutes acceptance of these terms and conditions. These cards are made from material that is 30% PCMI and has low VOC emission in production. This can only be redeemed in the USA. Check your balance at any Chipotle restaurant, online at www.chipotle.com, or call 1-877-925-4878.

15.     Third-party vendors of Chipotle's Gift Cards also represent that customers can "treat [their] gift card like cash." *See, e.g.*, https://www.raiseright.com/brands/137-chipotle-mexican-grill (last accessed Feb. 14, 2024). Upon information and belief, such representations are based upon the representations made directly by Chipotle.

16.     Where Chipotle refuses to refund a Gift Card purchase and the customer complains, Chipotle informs them that Gift Cards purchases are unable to be refunded.

17.     Furthermore, where a customer actively complains about Chipotle's refusal to refund Gift Card purchases, Chipotle has a policy and practice of allowing employees and representatives discretion to offer Chipotle meal vouchers ("Meal Vouchers"). The Meal Vouchers offered, however, are worth substantially less than their face value because of various limitations placed on their use. Specifically, among other things, the Meal Vouchers are subject to the following limitation: (1) the Meal Vouchers generally expire after a period of thirty (30) days; (2) only a single Meal Voucher may be used per transaction; and (3) the Meal Vouchers do not cover delivery fees and other charges.

18.     Chipotle's policy and practice of refusing to refund Gift Card purchases unjustly enriches Chipotle. Chipotle consciously maintains such a policy for the purpose of realizing additional unearned profits without cost.

19.     Additionally, Chipotle's claims that it is unable to refund Gift Cards is a farce. It is facially implausible that Chipotle lacks the ability to credit Gift Cards, each of which is tracked with a unique card number, or otherwise issue a new Gift

CLASS ACTION COMPLAINT

Card as Chipotle regularly delivers electronic Gift Cards to customers with effectively zero cost. Moreover, Chipotle's website offers consumers an option to "Reload" their gift cards:



See https://chipotlestore.wgiftcard.com/card/personalize_reload/balance_step/chipotle_reload/1 (last accessed February 14, 2024).

20.    On or around April 28, 2022, Plaintiff purchased a Chipotle Gift Card from "RaiseRight," a third-party vendor selling Gift Cards on its website. RaiseRight's website represents customers may "treat "treat [their] gift card like cash." *See, e.g.*, https://www.raiseright.com/brands/137-chipotle-mexican-grill (last accessed Feb. 14, 2024).

21.    Plaintiff purchased the Gift Card for her personal use because of a discount offered on the face value of the Gift Card, which was $100.00.

22.    On February 26, 2023, Plaintiff placed a delivery order for six (6) entrees and other food items through Chipotle's website. The total cost of Plaintiff's purchase was $106.00, including the entrees and other times, a service fee and delivery fee, tax, a driver tip, and a round-up donation to the Red Cross. Plaintiff paid for the order using a combination of her Gift Card and her credit card.

CLASS ACTION COMPLAINT

Ultimately, the order was delivered missing a number of the items purchased, including three missing entrees.

23.    Plaintiff immediately alerted Chipotle to the problem through the chat application available on Chipotle's website. After being transferred from "Pepper," Chipotle's automated chat bot, to a live customer service agent, the $6.00 portion of Plaintiff's order which was paid via debit card was promptly refunded, but the customer service representative informed Plaintiff that Gift Card purchases could not be refunded. Ultimately, after being transferred to customer service agents through the chat application, Plaintiff was offered three Meal Vouchers, subject to the above-referenced limitations.

24.    As a result of the above-referenced limitations, the Meal Vouchers offered to Plaintiff have no value to her. Accordingly, the Meal Vouchers expired unused, at significant benefit to Chipotle. Plaintiff has not used the meal vouchers to date, and has not received any subsequent refund of her purchase.

25.    Based on her complaints, Plaintiff received an e-mail from various members of the "Chipotle Gift Card Support" team, including an initial e-mail dated February 26, 2023, indicating "the details of your inquiry have been forwarded to the appropriate department," and another e-mail dated February 27, 2023, requesting additional information from Plaintiff, to which Plaintiff immediately replied. Ultimately, Plaintiff received an e-mail dated March 4, 2023, simply stating: "Unfortunately, we are unable to refund gift cards."

26.    Plaintiff is hardly the first person that this has happened to. For example, in 2021, a Reddit user posted their frustration with Chipotle's gift card "refund" policy:

CLASS ACTION COMPLAINT

*See* https://www.reddit.com/r/Chipotle/comments/m7b4hg/cannot_get_a_refund_since_i_paid_with_gift_card/?rdt=59302 (last accessed February 14, 2024).

27.   Another person replied, stating that they "work as a crew member at chipotle and the way the[y] handle refunds is ridiculous":



28.   More recently, another customer added that they "had almost the exact same experience":

CLASS ACTION COMPLAINT

1

2

3

29.　In fact, Chipotle has impliedly acknowledged the harms that its policy was causing on Twitter, once again falsely claiming that it "can't" refund gift cards but instead that "credit given totals the same amount that was spent":



4

5

6

7

8

9

10

*See*　https://twitter.com/ChipotleTweets/status/1630762191317274627　(accessed Feb. 14, 2024).

11

12

13

14

15

30.　The purpose and effect of Chipotle's policy is to maximize the breakage rate. For example, unlike Gift Cards, which do not have an expiration date in part because the law restricts the circumstances under which merchants like Chipotle can sell gift cards with expiration dates, Chipotle's meal vouchers expire after just thirty (30) days. *See* 15 U.S.C. § 1693l-1(c).

## **CLASS ACTION ALLEGATIONS**

16

17

18

19

20

31.　Plaintiff brings this action as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of herself and a class of all others similarly situated, consisting of: (a) all persons in the United States; (b) who made a purchase from Chipotle; (c) who were denied a refund because their purchase was made with a Gift Card; (d) during the longest applicable class period.

21

22

23

24

32.　Plaintiff additionally brings this action on behalf of a subclass, consisting of: (a) all persons in state of Wisconsin; (b) who made a purchase from Chipotle; (c) who were denied a refund because their purchase was made with a Gift Card; (d) during the longest applicable class period.

25

26

33.　This Action is properly maintainable as a class action.

34.　The Class is so numerous that joinder of all members is impracticable.

27

28

CLASS ACTION COMPLAINT

35.     There are questions of law and fact which are common to the Class and which predominate over questions affecting any individual Class member.

36.     Plaintiff's claims are typical of the claims of the other members of the Class and Plaintiff does not have any interests adverse to the Class.

37.     Plaintiff has retained competent counsel experienced in litigation of this nature and will fairly and adequately represent and protect the interests of the Class.

38.     The prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to individual members of the Class which would establish incompatible standards of conduct for the party opposing the Class.

39.     Plaintiff anticipates that there will be no difficulty in the management of this litigation. Common issues predominate over individual issues and maintaining this action as a class action is superior to other available methods for the fair and efficient adjudication of this controversy.

40.     Defendant has acted on grounds generally applicable to the Class with respect to the matters complained of herein, thereby making appropriate the relief sought herein with respect to the Class as a whole.

### FIRST CAUSE OF ACTION
**Violations of the California Unfair Competition Law
(Cal. Bus. & Prof. C. § 17200, et. seq.)
(On Behalf of Plaintiff and the Nationwide Class)**

41.     Plaintiff incorporates by reference as if fully set forth herein the allegations contained in the preceding paragraphs of this Complaint.

42.     The California Unfair Competition Law ("UCL") defines "unfair business competition" to include any "unlawful, unfair, or fraudulent" act or practice, as well as any "unfair, deceptive, untrue or misleading" advertising. Cal. Bus. & Prof. Code § 17200.

43.     The UCL imposes strict liability. Plaintiff need not prove that Defendant intentionally or negligently engaged in unlawful, unfair, or fraudulent

CLASS ACTION COMPLAINT

business practices—but only that such practices occurred.

44.     A business practice is "unfair" under the UCL if it offends an established public policy or is immoral, unethical, oppressive, unscrupulous or substantially injurious to consumers, and that unfairness is determined by weighing the reasons, justifications and motives of the practices against the gravity of the harm to the alleged victims.

45.     A business act or practice is "fraudulent" under the UCL if it is likely to deceive members of the consuming general public.

46.     A business act or practice is "unlawful" under the UCL if it violates any other law or regulation.

47.     Chipotle's actions constitute unfair, fraudulent, and unlawful business practices because, as alleged above, Chipotle engaged in a misleading, deceptive, and unfair practices of refusing to refund purchases made with Gift Cards.

48.     Chipotle's practices, as set forth above, have misled Plaintiff, the Class Members, and the public in the past and will continue to mislead them in the future. Consequently, the practices of Chipotle constitute unfair and unlawful business practices within the meaning of the UCL.

49.     Pursuant to the UCL, Plaintiff and the Class Members are entitled to preliminary and permanent injunctive relief and order that Chipotle cease this unfair and unlawful competition, as well as disgorgement and restitution to Plaintiff and Class Members of all the revenues associated with this unfair and unlawful competition, or such portion of said revenues as the Court may find applicable.

## <u>SECOND CAUSE OF ACTION</u>
### Violations of the California False Advertising Law
### (Cal. Bus. & Prof. C. § 17500, et. seq.)
### (On Behalf of Plaintiff and the Nationwide Class)

50.     Plaintiff incorporates by reference as if fully set forth herein the allegations contained in the preceding paragraphs of this Complaint.

51.     California Business and Professions Code § 17500 makes it unlawful

CLASS ACTION COMPLAINT

for any corporation or association selling anything "of any nature whatsoever" to intentionally make any statement or omission in connection with the marketing or sale of such product which is untrue, misleading, or deceptive.

52.     As a result of Chipotle's misleading statements and omissions, reasonable consumers, including Plaintiff, were misled or likely to be misled into believing that their Gift Cards had equivalent cash value for purchases at Chipotle and that purchases made with their Gift Cards were subject to refund similar to purchases made by cash, credit or debit card.

53.     Chipotle engaged in the aforementioned deceptive and misleading business practices to increase its profits. As such, Chipotle's deceptive statements and omissions caused substantial injury to consumers, including Plaintiff and Class members.

54.     As a result of Chipotle's misconduct, Plaintiff and Class Members have suffered economic losses in the amount of the refunds Chipotle refused to process.

55.     Plaintiff seeks, on behalf of herself and Class Members, full restitution, as necessary and according to proof, to restore any and all monies acquired by Defendant from Plaintiff and Class Members as a result of Defendant's false, misleading and deceptive advertising as stated above, and a permanent injunction requiring Chipotle to cease its practice of refusing to refund Gift Card purchases.

### THIRD CAUSE OF ACTION
**Violations of the California Consumer Legal Remedies Act
(Cal. Civ. Code § 1750, *et seq.*)
(On Behalf of Plaintiff and the Nationwide Class)**

56.     Plaintiff incorporates by reference as if fully set forth herein the allegations contained in the preceding paragraphs of this Complaint.

57.     The California Consumer Legal Remedies Act ("CLRA") prohibits representing that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities that they do not have; representing that goods or services are of a particular standard, quality, or grade, or that goods are of

a particular style or model, if they are of another; and advertising goods or services with intent not to sell them as advertised. Cal. Civ. Code § 1770(a)(5).

58.     The CLRA prohibits advertising goods or services with the intent not to sell them as advertised. Cal. Civ. Code § 1770(a)(9)

59.     The CLRA prohibits representing that a transaction confers or involves rights, remedies, or obligations that it does not have or involve. Cal. Civ. Code § 1770(a)(14).

60.     The CLRA is meant to be "liberally construed and applies to promote its underlying purposes, which are to protect customers against unfair and deceptive business practices and to provide efficient and economical procedures to secure such protection." Cal. Civ. Code § 1760.

61.     Chipotle is a "person" as defined in Cal. Civ. Code § 1761(c).

62.     The Gift Cards constitute either "goods" or "services," or both, as defined in Cal. Civ. Code §§ 1761(a) and 1761(b). Additionally, food and other items sold at Chipotle's constitute either "goods" or services, or both, bought for use primarily for personal, family, or household purposes.

63.     Plaintiff and Class Members are "consumers" as defined by the CLRA. Cal. Civ. Code § 1761(d).

64.     Each of the debit card purchases are "transactions" as defined by the CLRA. Cal. Civ. Code § 1761(e).

65.     Chipotle's actions, representations, and conduct have violated, and continue to violate the CLRA, because they extend to transactions that intended to result, or which have resulted in, the sale of goods or services to consumers.

66.     Chipotle sold Gift Cards to consumers with the expectation that the Gift Cards would function as a cash equivalent for the purposes of purchasing goods from Chipotle when, in fact, Chipotle knew that it had a policy or practice of categorically refusing to refund Gift Card purchases.

67.     Additionally, Chipotle has a policy and practice of falsely representing

to consumers who submit complaints regarding the above practice that Chipotle is "unable to refund gift cards."

68.     Upon information and belief, Chipotle's violations of the CLRA set forth herein were done with awareness of the fact that the conduct alleged was wrongful under California law and was motivated in substantial part by Chipotle's self-interest, monetary gain, and increased profits.

69.     Plaintiff further alleges that Chipotle knew, or reasonably should have known, that harm was likely to result to Plaintiff. Chipotle engaged in such unfair and deceptive conduct notwithstanding such knowledge.

70.     As a direct and proximate result of Chipotle's violations of the CLRA's statutory sections alleged herein, Plaintiff is entitled to a declaratory judgment that Chipotle violated the CLRA.

71.     This cause of action is for injunctive relief only at this time, and Plaintiff reserves the right to amend the Complaint to assert actual, punitive, and statutory damages against Chipotle pursuant to Cal. Civ. Code § 1782.

72.     Plaintiff reserves the right to allege further conduct that constitutes other unfair business acts or practices. Such conduct is ongoing and continues to this date.

73.     Plaintiff seeks public injunctive relief pursuant to Cal. Civ. Code § 1780, *et. seq*. ("CLRA") to benefit the general public directly by bringing an end to Chipotle's unlawful business practices which threaten future injury to the general public.

**FOURTH CAUSE OF ACTION**
**Violations of the Wisconsin Consumer Act**
**(Wis. Stats. Chs. 421-427)**
**(On Behalf of Plaintiff and the Wisconsin Subclass)**

74.     Plaintiff incorporates by reference as if fully set forth herein the allegations contained in the preceding paragraphs of this Complaint.

75. The Wisconsin Consumer Act ("WCA") was enacted to protect consumers against unfair, deceptive, and unconscionable business practices and to encourage development of fair and economically sound practices in consumer transactions. Wis. Stat. § 421.102(2).

76. To carry out this intent, the WCA provides Wisconsin consumers with an array of protections and legal remedies, and instructs that these protections must be "liberally construed and applied" in order "to induce compliance with the WCA and thereby promote its underlying objectives." Wis. Stat. §§ 421.102(1), 425.301; *First Wisconsin Nat'l Bank v. Nicolaou*, 113 Wis. 2d 524, 533, 335 N.W.2d 390 (1983).

77. Wis. Stat. § 421.108 requires that every consumer transaction under the WCA "imposes an obligation of good faith in its performance or enforcement," including "honesty in fact in the conduct or transaction concerned and the observance of reasonable commercial standards of fair dealing."

78. Wis. Stat. § 426.109(1) provides:

[A]ny customer may bring a civil action to restrain by temporary or permanent injunction a person from violating chs. 421 to 427 and 429 or the rules promulgated pursuant thereto, or to so restrain a merchant or a person acting on behalf of a merchant from engaging in false, misleading, deceptive, or unconscionable conduct in consumer credit transactions. It shall not be a defense to an action brought under this section that there exists an adequate remedy at law.

79. Wis. Stat. § 426.110 provides, in relevant part:

[A]ny customer affected by a violation of chs. 421 to 427 and 429 or of the rules promulgated pursuant thereto or by a violation of the federal consumer credit protection act, or by conduct of a kind described in sub. (2), may bring a civil action on behalf of himself or herself and all persons similarly situated, for actual damages by reason of such conduct or violation, together with penalties as provided in sub. (14),

reasonable attorney fees and other relief to which such persons are entitled under chs. 421 to 427 and 429. [...]

80.     Plaintiff and Wisconsin Subclass Members are each "customers" as defined by Wis. Stat. § 421.301(17).

81.     Plaintiff and Wisconsin Subclass Members' Gift Card purchases are "consumer transactions" as defined by Wis. Stat. § 421.301(13).

82.     Chipotle is a "merchant" as defined by Wis. Stat. § 421.301(25).

83.     By refusing to refund Plaintiff and Class Members' Gift Card Purchases, Defendant has failed to observe reasonable standards of fair dealing and failed to act in good faith in its performance of a consumer transaction.

84.     As a result of Chipotle's violation Plaintiff and Wisconsin Subclass Members actual damages.

85.     Chipotle is thereby liable to Plaintiff and Wisconsin Subclass Members for actual damages and statutory damages under Wis. Stat. § 426.110(14).

86.     Additionally, Plaintiff, on behalf of herself and Wisconsin Subclass Members, seeks a permanent injunction against Chipotle's practice of refusing to refund Gift Card Purchases.

### FIFTH CAUSE OF ACTION
**Violations of the Wisconsin Deceptive Trade Practice Act**
**(Wis. Stat. § 100.18)**
**(On Behalf of Plaintiff and the Wisconsin Subclass)**

87.     Plaintiff incorporates by reference as if fully set forth herein the allegations contained in the preceding paragraphs of this Complaint.

88.     Wis. Stat. § 100.18 provides:

No person, firm, corporation or association, or agent or employee thereof, with intent to sell, distribute, increase the consumption of or in any wise dispose of any real estate, merchandise, securities, employment, service, or anything offered by such person, firm, corporation or association, or agent or employee thereof, directly or

indirectly, to the public for sale, hire, use or other distribution, or with intent to induce the public in any manner to enter into any contract or obligation relating to the purchase, sale, hire, use or lease of any real estate, merchandise, securities, employment or service, shall make, publish, disseminate, circulate, or place before the public, or cause, directly or indirectly, to be made, published, disseminated, circulated, or placed before the public, in this state, in a newspaper, magazine or other publication, or in the form of a book, notice, handbill, poster, bill, circular, pamphlet, letter, sign, placard, card, label, or over any radio or television station, or in any other way similar or dissimilar to the foregoing, an advertisement, announcement, statement or representation of any kind to the public relating to such purchase, sale, hire, use or lease of such real estate, merchandise, securities, service or employment or to the terms or conditions thereof, which advertisement, announcement, statement or representation contains any assertion, representation or statement of fact which is untrue, deceptive or misleading.

89.     By holding out its Gift Cards for sale as being equivalent to cash purchases, Chipotle engaged in and continues to engage in representations which are untrue, deceptive, and misleading in connection with the sale of such Gift Cards.

90.     As a result of this violation, Plaintiff and the Wisconsin Subclass have suffered a pecuniary loss and Chipotle is therefore liable to them under Wis. Stat. § 100.18.

## SIXTH CAUSE OF ACTION
### Breach of Contract
### (On Behalf of Plaintiff and the Nationwide Class)

91.     Plaintiff incorporates by reference as if fully set forth herein the allegations contained in the preceding paragraphs of this Complaint.

92.     Plaintiff and Class members contracted with Chipotle for the purchase

of various food items.

93.    Chipotle materially breached such contract by failing to deliver the benefit of the bargain.

94.    Chipotle failed to offer restitution for the breach of contract by effectively failing to refund Plaintiff and class members for their purchase.

**SEVENTH CAUSE OF ACTION**
**Unjust Enrichment**
**(On Behalf of Plaintiff and the Nationwide Class)**

95.    Plaintiff incorporates by reference as if fully set forth herein the allegations contained in the preceding paragraphs of this Complaint.

96.    "Under California law, the elements of unjust enrichment are: (a) receipt of a benefit; and (b) unjust retention of the benefit at the expense of another." *Valencia v. Volkswagen Grp. of Am. Inc.*, 119 F. Supp. 3d 1130, 1142 (N.D. Cal. 2015); *see also Munoz v. MacMillan*, 195 Cal. App. 4th 648, 661 (2011) ("Common law principles of restitution require a party to return a benefit when the retention of such benefit would unjustly enrich the recipient; a typical cause of action involving such remedy is 'quasi-contract.'").

97.    "When a plaintiff alleges unjust enrichment, a court may construe the cause of action as a quasi-contract claim seeking restitution." *Astiana v. Hain Celestial Grp., Inc.*, 783 F.3d 753, 762 (9th Cir. 2015). "Whether termed unjust enrichment, quasi-contract, or quantum meruit, the equitable remedy of restitution when unjust enrichment has occurred 'is an obligation (not a true contract [citation]) created by the law without regard to the intention of the parties, and is designed to restore the aggrieved party to her or her former position by return of the thing or its equivalent in money.'" *F.D.I.C. v. Dintino*, 167 Cal. App. 4th 333, 346 (2008).

98.    Plaintiff and Class Members conferred non-gratuitous benefits upon Chipotle through the purchase of Gift Cards.

99.    Chipotle significantly and materially increased its revenues, profit margins, and profits by unjustly enriching itself at the expense and to the detriment

of Plaintiff and Class Members.

100.   Chipotle's retention of any benefit collected directly and indirectly from the payments for use of the Gift Cards as well as its refusal to refund Gift Card purchases violates principles of justice, equity, and good conscience.

101.   Chipotle is liable to Plaintiff and Class Members in the amount of unjust enrichment or money had and received to be determined at trial.

## <u>EIGHTH CAUSE OF ACTION</u>
### FEDERAL ELECTRONIC FUNDS TRANSFER ACT
### (On Behalf of Plaintiff and the Nationwide Class)

102.   Plaintiff incorporates by reference as if fully set forth herein the allegations contained in the preceding paragraphs of this Complaint.

103.   Plaintiff and Class members contracted with Chipotle for the purchase of various food items through the purchase of a Chipotle Gift Card.

104.   The Gift Card is a "Store gift card" within the meaning of 15 U.S.C. § 1693l-1(a)(2)(c) and 12 C.F.R. § 1005.20(a)(2).

105.   15 U.S.C. § 1693l-1 provides, in relevant part:

(b) Prohibition on imposition of fees or charges

(1) In general

Except as provided under paragraphs (2) through (4), it shall be unlawful for any person to impose a dormancy fee, an inactivity charge or fee, or a service fee with respect to a gift certificate, store gift card, or general-use prepaid card.

…

(c) Prohibition on sale of gift cards with expiration dates

(1) In general

Except as provided under paragraph (2), it shall be unlawful for any person to sell or issue a gift certificate, store gift card, or general-use prepaid card that is subject to an expiration date.

(2) Exceptions

A gift certificate, store gift card, or general-use prepaid card may

-19-

CLASS ACTION COMPLAINT

contain an expiration date if—

>> (A) the expiration date is not earlier than 5 years after the date on which the gift certificate was issued, or the date on which card funds were last loaded to a store gift card or general-use prepaid card; and

>> (B) the terms of expiration are clearly and conspicuously stated.

106.    Additionally, 12 C.F.R. § 1005.20 provides, in relevant part:

(d) Prohibition on imposition of fees or charges. No person may impose a dormancy, inactivity, or service fee with respect to a gift certificate, store gift card, or general-use prepaid card, unless:

> (1) There has been no activity with respect to the certificate or card, in the one-year period ending on the date on which the fee is imposed;

> (2) The following are stated, as applicable, clearly and conspicuously on the gift certificate, store gift card, or general-use prepaid card:

>> (i) The amount of any dormancy, inactivity, or service fee that may be charged;

>> (ii) How often such fee may be assessed; and

>> (iii) That such fee may be assessed for inactivity; and

> (3) Not more than one dormancy, inactivity, or service fee is imposed in any given calendar month.

(e) Prohibition on sale of gift certificates or cards with expiration dates. No person may sell or issue a gift certificate, store gift card, or general-use prepaid card with an expiration date, unless:

> (1) The person has established policies and procedures to provide consumers with a reasonable opportunity to purchase a certificate or card with at least five years remaining until the certificate or

-20-

CLASS ACTION COMPLAINT

card expiration date;

(2) The expiration date for the underlying funds is at least the later of:

(i) Five years after the date the gift certificate was initially issued, or the date on which funds were last loaded to a store gift card or general-use prepaid card; or

(ii) The certificate or card expiration date, if any;

(3) The following disclosures are provided on the certificate or card, as applicable:

(i) The expiration date for the underlying funds or, if the underlying funds do not expire, that fact;

(ii) A toll-free telephone number and, if one is maintained, a Web site that a consumer may use to obtain a replacement certificate or card after the certificate or card expires if the underlying funds may be available; and

(iii) Except where a non-reloadable certificate or card bears an expiration date that is at least seven years from the date of manufacture, a statement, disclosed with equal prominence and in close proximity to the certificate or card expiration date, that:

(A) The certificate or card expires, but the underlying funds either do not expire or expire later than the certificate or card, and;

(B) The consumer may contact the issuer for a replacement card; and

(4) No fee or charge is imposed on the cardholder for replacing the gift certificate, store gift card, or general-use prepaid card or for providing the certificate or card holder with the remaining balance in some other manner prior to the funds expiration date,

CLASS ACTION COMPLAINT

unless such certificate or card has been lost or stolen.

107.   By issuing meal vouchers rather than providing a refund to the gift card, Chipotle changed the fees, and terms of conditions and expiration after purchase of the gift cards for the portion of the gift cards that are converted to meal vouchers as a result of Chipotle issuing meal vouchers in lieu of refunding the gift cards, unlawfully shortening the expiration date and imposing fees that are effectively attendant to using the gift card, such as the cost of any meals beyond the first meal that is paid for with the voucher, delivery fees, expiration of meal vouchers that effectively act as inactivity fees, and other charges.

108.   Chipotle is liable pursuant to 15 U.S.C. § 1693l-1 and 12 C.F.R. § 1005.20.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands relief in favor of Plaintiff and the Class and against Defendant as follows:

i.    Declaring that this action is properly maintainable as a class action and certifying Plaintiff as Class representative and Plaintiff's counsel as Class counsel;

ii.   Awarding Plaintiff and the Class actual damages, statutory damages, and punitive damages;

iii.  Awarding Plaintiff the costs and disbursements of this action, including reasonable attorneys' fees and experts' expenses and fees;

iv.   Granting injunctive relief; and

v.    Granting such other and further relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff prays for a jury trial on all issues and in all proceedings so triable.

CLASS ACTION COMPLAINT

DATED: February 20, 2024

**/s/ Alex R. Straus**
Alex R. Straus (SBN 321366)
astraus@milberg.com
**MILBERG COLEMAN BRYSON
PHILLIPS GROSSMAN PLLC**
280 S. Beverly Drive, PH Suite
Beverly Hills, CA 90212
Telephone:  (866) 252-0878
Facsimile:   (615) 921-6501

Ben J. Slatky*
bslatky@ademilaw.com
**ADEMI LLC**
3620 East Layton Avenue
Cudahy, WI 53110
Telephone:  (414) 482-8000
Facsimile:   (414) 482-8001

*Attorneys for Plaintiff*

*motion to be admitted *Pro Hac Vice*
is forthcoming

-23-
CLASS ACTION COMPLAINT